U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 22 2010

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 10-50113 |
| v. | ) | |
| | ) | |
| ALL AROUND LANDSCAPING, INC. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNT OF CONVICTION

1. The Defendant, **ALL AROUND LANDSCAPING, INC.**, hereby agrees to plead guilty to the Information, charging it with Harboring Illegal Aliens, in violation of Title 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

### CORPORATE REPRESENTATIVE

2. Defendant agrees that Corporate President, Michael Steenbergen, will appear on it's behalf to enter the guilty plea and for the imposition of sentence.

### ADVICE OF RIGHTS

3. The defendant hereby acknowledges that it has been advised of it's constitutional and statutory rights. Further, the defendant agrees that it fully understands the right:

    a.    to have an attorney and if it can not afford an attorney, to have one provided and paid for at government expense;

    b.    to persist in its plea of not guilty;

      c.      to have a speedy and public trial by jury;

      d.      to be presumed innocent until proven guilty beyond a reasonable doubt;

      e.      to confront and examine witnesses who testify against it;

      f.      to call witnesses on its behalf;

      g.      to choose to testify or not testify and that no one could force it to testify;

      h.      to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

4. The defendant hereby acknowledges that it understands with respect to each count to which it pleads guilty, it thereby WAIVES all of the rights listed as (b) through (h) of paragraph 3.

## WAIVER OF ACCESS TO RECORDS

5. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANTS

6. By signing this agreement, the defendant acknowledges that it has been advised of its right under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If the defendant should breach any provision of this plea agreement, then it hereby agrees that said breach operates as a WAIVER of its rights under Rule 11(f) and Rule 410.

Upon any defendant's breach of any provision of this agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a.    admissions against interest, both oral and written, made by the defendant to any person;

    b.    statements made by the defendant during the change of plea hearing;

    c.    the factual basis used at the change of plea hearing;

    d.    any testimony given under oath to a grand jury or a petit jury;

    e.    any and all physical evidence of any kind which the defendant has provided to the government; and,

    f.    any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

7.    If the defendant is found to be in breach of this plea agreement, it is further agreed that the government may move to reinstate dismissed charges, the government may pursue additional charges, and the government shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## STIPULATION OF FACTS

8.    On or about April 21, 2010, Agents with the Bureau of Immigration and Customs Enforcement (ICE) began an investigation regarding the employment of illegal aliens by All Around Landscaping, Inc (AAL). During the course of the investigation, it was determined that AAL was located in Springdale, Arkansas and operated primarily in Northwest Arkansas. During the course of the investigation, it was learned that the defendant employed a number of suspected illegal aliens.

During the course of this investigation, agents encountered an individual by the name of Jose De Jesus Alvarez-Loredo, who was identified as an illegal alien, and was then employed by AAL under the name of Clemente Cazarez. Evidence indicated that Alverez-Loredo was hired for

employment at AAL, with AAL knowing or in reckless disregard of the fact that Alverez-Loredo was not authorized for employment within the United States. A review of immigration records has since confirmed that Alverez-Loredo is an illegal alien, who had not received permission to enter, or be lawfully employed in the United States during the relevant time period. Upon questioning by ICE Agents, Alvarez-Loredo, admitted to not only being an illegal alien, but to also being illegally in the country.

## MAXIMUM PENALTIES

9. The defendant hereby acknowledges that it has been advised of the maximum penalties. By entering a plea of guilty to the Information, the defendant agrees that it faces:

   a. a maximum term of probation of not less than 1 year and not more than 5 years, pursant to 18 U.S.C. §§ 3551(c)(1) and 3561(c)(1);

   b. a maximum fine of $500,000, pursuant to 18 U.S.C. §§ 3551(c)(2) and 3571(c)(3); or

   c. both probation and fine, pursuant to 18 U.S.C. §3551;

   d. a special assessment of $100.00.

## NO OTHER CHARGES

10. The government agrees that no other federal charges, which stem from the activities described in the Information, will be brought against the defendant, to include Michael Steenbergen, in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

11. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Guidelines in determining the sentence, but that the Court is not bound by the

Guidelines and may sentence the defendant to any reasonable sentence within the statutory range of punishment.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

12. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give it the right to withdraw its plea of guilty.

## RELEVANT CONDUCT CONSIDERED

13. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which it has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

14. In the event that it is determined that the defendant has not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

15.     The government agrees not to make a recommendation as to what specific sentence should be given to the defendant.

16.     The government agrees not to object to a finding by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.

## GOVERNMENT'S RESERVATION OF RIGHTS

17.     Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

    a.  make all facts known to the probation office and to the court;

    b.  call witnesses and introduce evidence in support of the Presentence Report;

    c.  contest and appeal any finding of fact or application of the Sentencing Guidelines;

    d.  contest and appeal any departure from the appropriate Guideline range;

    e.  defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

18.     The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the defendant's request or recommendation for certain findings of fact or applications of the Guidelines, the defendant acknowledge that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

19. The parties agree that nothing in this agreement binds the district court to:

    a. make any specific finding of fact;

    b. make any particular application of the Sentencing Guidelines;

    c. hand down any specific sentence;

    d. accept this plea agreement.

20. The government and the defendant acknowledges that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

21. The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

22. The defendant agrees that it will pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT AND DEFENSE COUNSEL

23. The defendant and it's attorney state hereby that neither of them have been subjected to any threats or coercion which have induced the defendant to change it's plea to guilty. Further, the defendant and it's attorney acknowledge that the defendant desires to change it's plea to guilty is not the result of threats or coercion directed at anyone connected with it.

24. By signing this plea agreement, counsel for the defendant acknowledges that:

    a. he has read this plea agreement;

    b. he has given a copy of it to the defendant;

      c.      he has explained the ramifications of the plea agreement to the defendant;

      d.      he believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

## FORFEITURE

25.    The defendant agrees to forfeit to the United States pursuant to 18 U.S.C. § 982(a)(6)(A) one hundred thousand dollars ($100,000.00) in United States Currency in the form of a money judgment to represent property that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the violation alleged in Count One of the Information.

The defendant agrees to relieve the United States of its burden, if the matter were to go to trial on the criminal forfeiture allegation, to show that the $100,000.00 in United States Currency represents property that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction.

The defendant agrees to pay to the United States $50,000.00 at the time of it's sentencing, with the remaining $50,000.00 to be collected by the United States during its period of supervision.

The defendant agrees that the forfeiture is part of the defendant's sentence, and any amount ordered to be forfeited by the Court may not be discharged, in whole or in part, in any bankruptcy proceeding.

The government agrees to release any claims towards all real and personal property, including any lis pendens filed in relation to this matter, to be returned to the defendant, or it's assigns upon satisfaction of the money judgment in the amount of $100,000.00.

The defendant also agrees to fully cooperate with the United States Attorney's Office of the Western District of Arkansas in assisting the government in perfecting it's claim, title, and ownership of any forfeited assets to include assistance in defeating or causing the withdrawal of claims by any other party, including family members.

If the defendant does not pay the $100,000.00 as stated in this agreement, and, as a result of any act or omission of the defendant, the money–

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or deposited with a third party;

(c) has been placed beyond the jurisdiction of the court;

then any other property of the defendant up to the value of the total amount of forfeited property, which is the above set-forth $100,000.00 in United States Currency, shall be forfeited to the United States as substitute assets pursuant to 18 U.S.C. § 982 (b)(1), incorporating by reference 21 U.S.C. § 853 (p).

**PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT**

26. The defendant and it's attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change it's plea to guilty.

Dated this 22ND day of October, 2010.

MICHAEL STEENBERGEN
Representative of Defendant Corporations

TIM HUTCHINSON
Attorney for Defendants

DEBORAH GROOM
UNITED STATES ATTORNEY

By:

KYLE E. WATERS
Assistant United States Attorney